BARNSTABLE SAVINGS BANK *vs.* RUSSELL A. BALLOU &
others.

Barnstable.  January 25. — 26, 1876.  ENDICOTT & DEVENS, JJ., absent.

In an action by a savings bank upon a promissory note, against one signing as surety
thereon, parol evidence that the defendant signed the note solely at the request of
the treasurer of the bank, because of a rule thereof as to the number of the names
required upon a loan, and upon the assurance that the bank would not look to him
for payment, is inadmissible as contradicting the written contract.

CONTRACT against Russell A. Ballou, S. J. Ballou, and Ben-
jamin B. Newhall, on two promissory notes, signed by the first
named defendant as principal, and by the other defendants as
sureties.  The first note was as follows:

" $5000. Boston, August 31st, 1872. For value received, we, R. A. Ballou, as principal, and S. J. Ballou and Benj. B. Newhall, as sureties, promise to pay the Barnstable Savings Bank, or order, five thousand dollars in one year from date, with interest to be paid semi-annually at the rate of eight per cent. per annum, and at the same rate until full payment of said sum."

The second note was similar in form, dated September 23, 1872, for the sum of $10,000, and signed by the same parties. The defendants, R. A. Ballou and S. J. Ballou, were defaulted. The answer of the defendant Newhall alleged that there was no consideration for his signature to the notes ; that he was induced to become surety thereon, at the sole request of, and wholly on account of, the following inducements and representations of Daniel Scudder, then the treasurer and authorized agent of the plaintiff in lending the money and taking the notes : that Scudder told him at the time he signed, and before signing the notes, that they were entirely good, and amply secured by collateral ; that he only wanted Newhall as surety because the rule of the plaintiff's bank required three names to procure a loan ; that he Newhall would take no risk by so signing, and gave him to understand that the bank would not look to him to pay any part of the notes, and that he had no interest in said notes, and was in no way benefited by signing them.

At the trial in the Superior Court, before *Pitman*, J., the defendant offered to prove the allegations in his answer; but the judge ruled that such proof would constitute no defence, the defendant disclaiming fraud, and ordered a verdict for the plaintiff ; and the defendant alleged exceptions.

*H. P. Harriman*, for the defendant Newhall.

*J. M. Day*, for the plaintiff, was not called upon.

BY THE COURT. The parol evidence offered by the surety tended to contradict the written contract which he had signed, and was rightly rejected. *Exceptions overruled.*